in remodeling the building to recover the price of materials sold to such contractor, where the owner, after notice of the plaintiff's claim, paid the contractor, within ten days after the plaintiff had delivered the materials to him, the full amount due the contractor under their contract without deducting the price of such materials due the plaintiff, and without taking a contractor's statement under the statute, *held* that such payment was in fraud of the plaintiff's claim.

2. MECHANICS' LIENS, § 73*—*when subcontractor is not estopped to sue owner and contractor.* A subcontractor is not estopped to sue the owner of a building and a contractor having a contract for the remodeling thereof by the conduct of his agent where the owner, after notice of the subcontractor's claim, pays the contractor within ten days after delivery of materials to him, without deducting the subcontractor's claim, although an agent of the subcontractor had previously told the owner to make such payment to the contractor and notify him, which the owner had done.

---

# Frederick Bausman for use of W. J. Selleck and Maria Borden, Executrix, Appellee, v. John A. Mead and Carl B. Hinsman, Appellants.

## Gen. No. 22,615.    (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1916. Reversed and judgment here. Opinion filed February 19, 1917.

## Statement of the Case.

Action by Frederick Bausman for the use of W. J. Selleck and Maria Borden, executrix of the estate of Hamilton Borden, deceased, plaintiff, against John A. Mead and Carl B. Hinsman, defendants, to recover upon a bond given by the defendant Mead as principal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and the defendant Hinsman as surety. From a judgment for plaintiff for $6,885, defendants appeal.

Opinion upon a former trial in same case may be found in 182 Ill. App. 35. The case was redocketed and tried in consolidation with two other cases brought on the same cause of action by the court without a jury.

BAYLEY & WEBSTER, for appellants.

CRATTY BROS. & FLATAU and CHARLES HUDSON, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

BONDS, § 18*—*when bond given by purchaser at judicial sale of bankrupt property deemed to be for creditors other than holders of mortgage bonds.* Where the purchaser at a judicial sale of a bankrupt's property gave in part payment of the purchase price in lieu of cash certain bonds held by him secured by mortgage upon the property, with his bond, with surety, conditioned to pay to any person, firm or corporation then or thereafter becoming legal creditors of the bankrupt whatever pro rata sum might be adjudged due them from the proceeds of such property the same as would have been paid them as a dividend or otherwise had the purchase price been paid in cash instead of in said mortgage bonds, provided the question of their equality or priority with or over said mortgage bonds should be established in such bankruptcy suit by a certain date, *held*, in an action on such bond brought by other holders of mortgage bonds of the same issue upon the property, to recover the penalty thereof against the principal and surety therein, that such bond was not given to secure such other holders of the mortgage bonds but to secure other creditors.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.